IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

WILLIE NEAL,                                                                               PETITIONER

VS.                                              CIVIL ACTION NO.:  3:13cv75-SA-SAA

CIRCUIT COURT OF MARSHALL COUNTY,                                 RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Petitioner's motion for a petition for writ of habeas corpus, and Respondent's motion to dismiss the petition for Petitioner's failure to exhaust his State court remedies.  Petitioner, Willie Neal, a Mississippi inmate currently housed at the Leake County Correctional Facility in Carthage, Mississippi, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his conviction and sentence for armed robbery in the Circuit Court of Marshall County, Mississippi.  Having considered the submissions of the parties and the applicable law, the Court finds that Respondent's motion should be granted, and the instant petition dismissed, for the reasons that follow.

### Background

According to Petitioner, he pleaded guilty to robbery in the Circuit Court of Marshall County, Mississippi, and received a twenty year sentence of imprisonment, with ten years suspended, on March 6, 2012.  (*See* ECF no. 1, 1-2).  On or about March 14, 2013, he filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Mississippi that was transferred to this Court on or about March 20, 2013.  In his petition, the asserts as his sole ground for relief that he was pressured by his lawyer and the D.E.A. to plead guilty.  He also maintains that he needs counsel appointed in order to properly exhaust his case in the State courts.

## Discussion

Petitioner is required to exhaust all of his claims in State court before he may request that federal habeas relief be granted. 28 U.S.C. § 2254(b)(1); *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008) (citation omitted). Petitioner has not filed a petition for post-conviction relief in State court, and he still has time under the State's three (3) year statute of limitations to seek post-conviction collateral relief. *See* Miss. Code Ann. § 99-39-5(2). While the Court has the discretion to stay his federal habeas petition in "limited circumstance" upon a proper showing of good cause for failing to exhaust his State court remedies, the Court does not find that Petitioner has shown good cause in this instance. *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). Therefore, because Petitioner concedes that he has not presented his claims in State court and has not exhausted his available State court remedies, the Court will dismiss the instant petition for federal habeas relief. *See Smith*, 515 F.3d at 400; 28 U.S.C. § 2254(b)(1)(A) and (c).

Accordingly, Respondent's motion is **GRANTED**, and the instant petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. Any pending motions are **DENIED**. The Court will enter a final judgment by separate order.

**SO ORDERED**, this the 9th day of July, 2013.

        /s/ Sharion Aycock
        **U.S. DISTRICT JUDGE**